11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Sarah Elizabeth Hauser

Appellant

Vs.                   No.
11-03-00115-CR B Appeal from Collin County

State of Texas

Appellee

 

This is an
appeal from an order placing Sarah Elizabeth Hauser on community supervision
without  adjudicating her guilt.  Appellant entered a plea of guilty to the
offense of possession of more than 4 grams but less than 400 grams of
3,4-methylenedioxy methamphetamine (ecstasy). Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of guilt and placed
appellant on community supervision for 3 years and assessed a $750 fine.  We affirm.

In her
sole issue, appellant argues that the trial court abused its discretion in
denying her motion to suppress the drugs recovered from her vehicle.  Appellant contends that there was no state
law to support her initial detention by the police officers and that the State
failed to produce any evidence that probable cause existed.








In
reviewing a trial court=s ruling on a motion to suppress, appellate courts must give great
deference to the trial court=s findings of historical facts as long as the record supports the
findings.  Guzman v. State, 955
S.W.2d 85 (Tex.Cr.App.1997).  We must
afford the same amount of deference to the trial court=s rulings on “mixed questions of law and
fact,” such as the issue of probable cause, if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor.  Guzman v. State, supra at
89.  Appellate courts, however, review
de novo “mixed questions of law and fact” not falling within the previous
category.   Guzman v. State, supra.  When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling “turns” on
an evaluation of credibility and demeanor. 
Loserth v. State, 963 S.W.2d 770, 773 (Tex.Cr.App.1998).  A question “turns” on an evaluation of
credibility and demeanor when the testimony of one or more witnesses, if
believed, is always enough to add up to what is needed to decide the
substantive issue.  Loserth v. State,
supra.  We must view the record
in the light most favorable to the trial court=s ruling and sustain the trial court=s ruling if it is reasonably correct on any theory of law applicable to
the case.  Guzman v. State, supra.

Dallas
Police Officer Russell Sanchez testified that he and his partner were
dispatched on a possible burglary call to Jayson Wesley Valcik=s apartment. 
Valcik described the items that had been stolen from his apartment.  While Officer Sanchez was present, Valcik
received a phone call from 
appellant.  Appellant was
identified as a possible suspect, and Officer Sanchez was told that she was
driving a “white detailed in color” Rav 4 SUV. 


As they
were leaving the apartment complex, Officer Sanchez and his partner saw a
vehicle that matched the description of appellant=s vehicle.  The officers stopped
the vehicle.  As he approached the
vehicle, Officer Sanchez saw appellant sitting in the driver=s seat, a male sitting in the passenger=s seat, and several items that matched Valcik=s description of his missing property.  The officers arrested appellant for theft
and the passenger for public intoxication. 
A search of appellant=s vehicle revealed a tin can and a small purse, both of which contained
several different types of narcotic items. 
There was also a list of names and phone numbers.  Officer Sanchez also found a small packet of
loose pills.  

On cross
examination, Officer Sanchez stated that Valcik had told the officers that the
phone call was from appellant and that appellant had his property.  Officer Sanchez also stated that Valcik
never told him that the items were not stolen. 
Officer Sanchez stated that, while appellant had failed to signal as she
pulled out of a parking lot, the “real” reason the officers stopped her was
that they had reason to believe that the vehicle contained a possible suspect
from a recent crime.  








Valcik
testified on behalf of appellant. 
Valcik stated that, when he got home, his apartment was empty.  He called his dad and asked what should he
do.  Valcik followed his father=s advice and called the police.  Valcik called the police a second time and
said that he thought he saw someone in his apartment.  Valcik remembered Officer Sanchez as one of the officers who came
to his apartment.  While the officers,
including Officer Sanchez, were present, appellant called Valcik.  Valcik told the police that appellant had
his “stuff” and that she was going to bring it back.  Valcik also told the officers that he owed her some money and
that “it” was between appellant and him. 
As far as Valcik was concerned, there was no theft.  Valcik also testified that appellant drove a
green Rav 4.  

The trial
court was the sole judge of the credibility of the witnesses= testimony. 
Guzman v. State, supra. 
The trial court could have reasonably concluded from the testimony that
the primary reason Officer Sanchez and his partner stopped appellant was that
appellant=s vehicle matched the description that they
had been given.  Once they saw the
stolen property in appellant=s car and placed her under arrest for theft, Officer Sanchez and his
partner had the authority to search appellant=s vehicle incident to her arrest. 
New York v. Belton, 453 U.S. 454 (1981); Busby v. State,
990 S.W.2d 263 (Tex.Cr.App.1999). 
Appellant=s arguments contending that the search was a
result of an invalid initial traffic stop are overruled.

Appellant
also argues that the State=s failure to call Officer Sanchez=s partner or any officer who actually arrested appellant resulted in
the State “wholly [failing] in its burden to show that the unidentified officer
had probable cause to arrest [appellant].” 
We disagree.  The record reflects
that the trial court had ample evidence to find probable cause.  Officer Sanchez testified that appellant had
property in her vehicle that matched Valcik=s description of his missing property. 
It was undisputed that the property had been removed from Valcik=s apartment without his knowledge or
permission.  Appellant=s arguments concerning probable cause are
overruled.  Appellant=s sole issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

September 25, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.